## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

TIMOTHY J. FAISON,

                    **Plaintiff,**

-vs-                                         **Case No.  6:11-cv-1748-Orl-28GJK**

FLEA WORLD, INC.,

                    **Defendant.**

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES** |
| | **(Doc. No. 29)** |
| **FILED:** | **June 13, 2012** |
| | _____ |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

## I.    BACKGROUND.

       On May 8, 2012, Timothy J. Faison (the "Plaintiff") filed a second amended complaint (the "Complaint") alleging violations of the 42 U.S.C. § 1981 and the Civil Rights Act of 1964 against Flea World, Inc. (the "Defendant").  Doc. No. 26.  On May 25, 2012, Defendant filed an Answer and five affirmative defenses.  Doc. No. 27.  On June 13, 2012, pursuant to Rules 8(a) and 12(f), Federal Rules of Civil Procedure, Plaintiff filed a Motion to Strike Defendant's

Affirmative Defenses (the "Motion") requesting that the Court strike Defendant's first, third, and fifth affirmative defenses.  Doc. No. 29.

## II.   <u>ANALYSIS.</u>

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or in partly, by asserting new allegations of excuse, justification, or other negating matters." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989).  Courts have wide discretion in passing on a motion to strike.  *See Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).  Rule 12(f), Federal Rules of Civil Procedure governs the sufficiency of affirmative defenses.  *Id.*  Pursuant to Rule 12(f), the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.*  Courts generally disfavor motions to strike.  *Ayers v. Consol. Constr. Servs. of SW Florida, Inc.*, 2007 WL 4181910 *1 (M.D. Fla. 2007).[1]  A court may strike an affirmative defense if the defense is insufficient as a matter of law. *Microsoft Corp.*, 211 F.R.D. at 683 (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). Affirmative defenses may be insufficient as a matter of law if they fail to meet the general pleading requirements of Fed.R.Civ.P. 8.  *Id.*; *McGlothan v. Walmart Stores, Inc.*, 2006 WL 1679592 *1 (M.D. Fla. 2006).  Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, a defendant must "state in short and plain terms its defenses to each claim asserted against it" and Rule 8(d)(1) requires that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(b) and (d)(1).

Defendant's first affirmative defense states that the Complaint fails to state a cause of action upon which relief may be granted.  Doc. No. 27 at 4.  Defendant's first affirmative

---

[1] Pursuant to the Eleventh Circuit Rules, unpublished opinions are merely persuasive authority.  11th Cir. R. 36-2.

defense is not an affirmative defense, but merely points out a factual defect in Plaintiff's prima facie case. *See Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc.,* 2008 WL 3927265 at *3 (M.D. Fla. Aug. 21, 2008).   As the Court stated in *Premium Leisure*, 2008 WL 3927265 at *3, the appropriate remedy is to treat the defense as a denial, and not to strike it. *Id.*; *see also Tanney v. Holding Co. of the Villages, Inc.*, 2010 WL 4659604 at *1 (M.D. Fla. Nov. 9, 2010) (defendant's allegations that plaintiff was not an employee and all wages were paid simply pointed out defect in plaintiff's prima facie case and were treated as denials).   Accordingly, it is recommended that the Motion be denied as to the first affirmative defense.

Defendant's third affirmative defense states: "Plaintiff's claims are barred, in whole or in part, because Plaintiff has not satisfied all conditions precedent to the bringing of this action. Plaintiff failed to bring his administrative action and/or his lawsuit in a timely fashion."   Doc. No. 27 at 4.   It is recommended that the Court find that the third affirmative defense is sufficiently pled.  *See Dixon v. JEA*, 2005 WL 2304954 at *2 (M.D. Fla. Sept. 21, 2005) (finding defense of failure to exhaust administrative remedies in employment discrimination case sufficient). Accordingly, it is recommended that the Motion be denied as to the third affirmative defense.

Defendant's fifth affirmative defense states: "Plaintiffs claims are barred or should be reduced because he has failed to mitigate his damages."   Doc. No. 27 at 5.   Plaintiff maintains that the fifth affirmative defense should be stricken because it lacks the specificity required by Rule 8, Federal Rules of Civil Procedure.   Doc. No. 29 at 3-4.   Failure to mitigate damages is a proper affirmative defense.  *Ali v. City of Clearwater*, 915 F. Supp. 1231 1242 (M.D. Fla. 1996). Accordingly, it is recommended that the Motion be denied as to the fifth affirmative defense.

### III.  <u>CONCLUSION</u>.

For the foregoing reasons, it is **RECOMMENDED** that the Court **DENY** the Motion (Doc. No. 29).  Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** at Orlando, Florida on August 28, 2012.

Copies to:
Presiding District Judge
Counsel of Record

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE